### Emily J. Plumer *v.* Lydia Lord.

A married woman may belong to a trading partnership, so as to be bound by a promissory note given in the partnership name, if her husband is not a member thereof.

If a married woman is not authorized by law to become a member of a firm, or to bind herself by its contracts, she is not estopped from availing herself of the defence of coverture to an action upon a promissory note of the firm, by representations made to the plaintiff before the note was given that she was a member thereof.

CONTRACT upon the following promissory note : " $3000. Boston, June 16, 1858. On demand after date, we promise to pay to the order of Emily J. Plumer three thousand dollars, value received, with interest. J. H. Lord & Co." The writ described the defendants as follows : " Lydia Lord of Boston, in the said county of Suffolk, wife of Joseph H. Lord, and Margaret F. Plumer of Epping, in the county of Rockingham, and State of New Hampshire, widow, late copartners, jointly negotiating in business, under the firm name of J. H. Lord & Co." No service was made on Margaret F. Plumer.

At the trial in the superior court, before *Rockwell*, J., upon the opening of the case, " the defendant asked the court to rule that, upon the declaration of the plaintiff, the action cannot be maintained, it being admitted that Lydia Lord was a married woman at the time the note described in the plaintiff's writ purports to have been made; and the judge so ruled. The plaintiff then offered evidence to prove that the defendant represented and declared to her, (the plaintiff,) and others to her knowledge, before the note was given, that she, the defendant aforesaid, was a partner in said firm of J. H. Lord & Co. at the time the note was made ; and that she gave the consideration for the note and took it upon the belief and understanding from said representations and declarations of the defendant that she was such partner, and, as one of said firm, was responsible for the note." The judge excluded the evidence, and the jury, by his direction, returned a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Wiggins*, for the plaintiff.

*J. Q. A. Griffin*, for the defendant.

HOAR, J. Whether the report of this case presents all the facts which are essential to its correct decision, is not certainly apparent. The defendant, Lydia Lord, is described in the writ as the wife of Joseph H. Lord, and with the other defendant, Margaret F. Plumer, as " late copartners, jointly negotiating in business, under the firm name of J. H. Lord & Co." This copartnership name very much resembles that of her husband; but he is not joined as a defendant, nor is any fact reported to show whether he had any connection with the making of the note, or with the firm, as a real or ostensible partner; or how a name so much like his came to be used. It was held in the recent case of *Lord v. Parker*, 3 Allen, 127, that a married woman cannot in Massachusetts form a copartnership in business with her husband and other persons; and that Lydia Lord, the plaintiff in review in that case, was not a member of the firm of J. H. Lord & Co. But we have no means of knowing that these are the same persons; and the report presents two distinct questions of law for our decision.

The first is, whether a married woman can belong to a trading partnership, so as to be bound by a promissory note given in the partnership name. This depends upon the construction given to two statutes. The *St.* of 1855, c. 304, § 7, provides that " any married woman may carry on any trade or business, and perform any labor or services, on her own sole and separate account; and the earnings of any married woman, from her trade, business, labor or services, shall be her sole and separate property, and may be used and invested by her in her own name; and she may sue and be sued as if sole in regard to her trade, business, labor, services and earnings; and her property, acquired by her trade, business and service, and the proceeds thereof, may be taken on any execution against her."

The *St.* of 1857, c. 249, § 2, provides that " any married woman may, while married, bargain, sell and convey her real and personal property, which may now be her sole and separate property, or which may hereafter come to her by descent, devise, bequest, or gift of any person except her husband, and enter into any

39 *

contract in reference to the same, in the same manner as if she were sole ; " with an exception as to real estate and shares in corporations. By § 3, " any married woman may, while married, sue and be sued in all matters having relation to her property which may now be her sole and separate property, or which may hereafter come to her by descent, devise, bequest or the gift of any person except her husband, in the same manner as if she were sole."

The language of these statutes is very broad and comprehensive. The *St.* of 1857 authorizes any contract by a married woman in relation to her separate property in the same manner as if she were sole. Considered by itself, this might not empower her to make contracts other than those which should have an express relation to property then held by her; and would hardly be considered as authorizing her to make contracts generally binding upon her, without special reference to property. But the *St.* of 1855 permits her to " carry on any trade or business, and perform any labor or services, on her own sole and separate account." The contract of partnership is a lawful contract, and may be made by any natural person having the full power to make other contracts. It has been held in this commonwealth that a manufacturing corporation could not become a partner; but this decision depended upon the limitation of powers given to an artificial person. *Whittenton Mills* v. *Upton,* 10 Gray, 587. Copartnerships are among the most usual modes of carrying on trade or business; and there is nothing in their nature which would seem to exclude a married woman from such a mode of transacting business, if she had the general power to invest and dispose of property, and enter into engagements for the employment of her own time, labor and skill. The fact that this contract might make her liable for the acts and dealings of other persons, constitutes no serious objection ; for this fact would exist in regard to many ordinary kinds of investment, such as a part ownership in ships, or in shares of corporations; and would arise to some extent, whenever she should employ an agent in her own affairs. The language of the statute is principally relied on, which it is argued limits her

capacity to contract to business done " on her own sole and sep-arate account." But we think this language was used merely in reference to the marital relation, and the whole object and scope of the statute were to provide for and secure her indepen-dence from the control or interference of her husband; and not to restrict her power of contracting with other persons. If therefore her husband is no party to the contract, we are of opin-ion that a married woman may form a partnership in business with other persons.

The decision of this question·may make the other which is presented by the report immaterial; but as a new trial is to be had, we have considered it. And we are all of opinion that in a case where a married woman is not authorized by law to con-tract, such representations as were offered in evidence on the trial of this case would not estop her from availing herself of the defence of coverture. It did not appear that these representa-tions were fraudulently made. There was no offer to show that the fact of her coverture was not as well known to the plaintiff as to herself. There seems no reason to suppose that she did not suppose herself to be a partner, and intend to do all in her power to take upon herself the obligations of that relation. If the partnership of J. H. Lord & Co. was one to which she had not legally capacity to belong, her representation was merely the expression of an erroneous opinion upon a question of law, upon which the plaintiff was equally bound to inform herself. *Concord Bank* v. *Bellis*, 10 Cush. 276.

*Verdict set aside, and new trial granted*